**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LARRY D. CLAY,<br>Plaintiff,<br>v.<br>GAVIN NEWSOM et al.,<br>Defendants. | Case No. CV 21-4813-VAP (JPR)<br><br>ORDER DISMISSING ACTION FOR FAILURE TO PROSECUTE AND FAILURE TO STATE A CLAIM |

On June 7, 2021, Plaintiff, a state prisoner proceeding pro se, filed in the Eastern District of California a civil-rights action against four doctors, alleging various constitutional claims arising from medical treatment he had received (or not) during his incarceration. He was subsequently granted leave to proceed in forma pauperis. On June 14, 2021, the Eastern District transferred the lawsuit here.

On August 3, 2021, the Magistrate Judge dismissed the Complaint with leave to amend because it failed to state any claim. She advised Plaintiff that he could file objections to her order and that if he failed to timely file an amended complaint correcting the deficiencies she had pointed out, his lawsuit might be dismissed. Plaintiff filed a First Amended

Complaint on September 9, 2021, suing two of the same doctors as well as the Warden and the Governor. The Magistrate Judge dismissed that complaint too, on November 15, 2021, because it also failed to state a claim, and she again advised him that he could file objections and warned him that his failure to timely file an amended complaint in compliance with the dismissal order could result in his lawsuit being dismissed. Any second amended complaint was due December 13, 2021. To date Plaintiff has neither filed a SAC nor requested an extension of time to do so.

Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (per curiam), examined when it is appropriate to dismiss a pro se plaintiff's lawsuit for failure to prosecute. See also Link v. Wabash R.R., 370 U.S. 626, 629-30 (1962) ("The power to invoke [dismissal] is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."). A court must consider "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits[;] and (5) the availability of less drastic sanctions." Carey, 856 F.2d at 1440 (citation omitted). Unreasonable delay creates a rebuttable presumption of prejudice to the defendants that can be overcome only with an affirmative showing of just cause by the plaintiff. See In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994).

Here, the first, second, third, and fifth Carey factors militate in favor of dismissal. In particular, Plaintiff has offered no explanation for his failure to file another amended

complaint. Thus, he has not rebutted the presumption of prejudice to Defendants. No less drastic sanction is available, as the FAC fails to state a claim and cannot be ordered served, and Plaintiff is apparently unable or unwilling to comply with the Court's instructions for fixing his allegations. Because none of his claims can be ordered served, the Court is unable to manage its docket. Although the fourth Carey factor weighs against dismissal — as it always does — together the other factors outweigh the public's interest in disposing of the case on its merits. See Ferdik v. Bonzelet, 963 F.2d 1258, 1261-62 (9th Cir. 1992) (as amended) (upholding dismissal of pro se civil-rights action for failure to timely file amended complaint remedying deficiencies in caption); Baskett v. Quinn, 225 F. App'x 639, 640 (9th Cir. 2007) (upholding dismissal of pro se civil-rights action for failure to state claim or timely file amended complaint).

**ORDER**

Accordingly, this action is dismissed for failure to prosecute and failure to state a claim. The Court has read and accepts the Magistrate Judge's August 3 and November 15, 2021 orders.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: January 19, 2022

Virginia A. Phillips
VIRGINIA A. PHILLIPS
U.S. DISTRICT JUDGE

Presented by:

Jean Rosenbluth
Jean Rosenbluth
U.S. Magistrate Judge